45350, 45351. AMERICAN LIBERTY INSURANCE COMPANY
v. SANDERS; and vice versa.

PANNELL, Judge. This case, a suit against an insurance company based upon alleged uninsured motorist coverage in the plaintiff's policy of insurance, has been before this court on a previous occasion, based upon the refusal of the trial court to open a default and in which the Supreme Court reversed a decision of this court and held there were no grounds stated for the opening of the default. See *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 202 (170 SE2d 249), reversed in *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539), which decision of the Supreme Court was conformed to by this court in *American Liberty Ins. Co. v. Sanders,* 121 Ga. App. 7 (172 SE2d 203). After the decision of the Supreme Court upholding the

trial judge in refusing to open the default (based upon the failure of the insurance agent, because of a mistake on his part in not sending a copy of the petition and process served upon him to the insurance company), the insurance company filed a motion to set aside the final judgment against the insurance company, which final judgment was entered prior to the first appeal, the grounds of the motion being "(a) defendant was never served with summons as required by law; (b) said judgment was entered without trial or hearing; (c) said judgment was granted and entered without due process of law and in violation of Article XIV, Section I, of the Constitution of the United States of America, and in violation of Article I, Section I, Paragraph 3, of the Constitution of the State of Georgia; (d) the pleadings in said cause affirmatively show that no claim in fact existed in favor of the plaintiff against the defendant; and (e) said judgment is manifestly unconscionable and inequitable, it having been judicially determined that no claim existed in favor of the plaintiff against the defendant" (based upon a case filed by the husband of the plaintiff here in which it was adjudicated that no uninsured motorist coverage existed. See *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (169 SE2d 342)). The plaintiff responded to this motion by setting up the adjudication on the prior appeal of this case as "res judicata" as to the questions sought to be raised by the motion to set aside the judgment, and also seeking to recover expenses of litigation on the grounds that the defendant, in filing and prosecuting such motion, is acting in bad faith and is being stubbornly litigious. The trial judge overruled the motion to set aside the judgment and the insurance company entered its appeal to this court in case 45350. In case 45351, Maggie Sanders entered her cross appeal, enumerating error on the trial judge striking that portion of her response seeking to recover expenses of litigation under *Code* § 20-1404. In this court, in case 45350, Maggie Sanders moved for damages on the ground that the appeal by the insurance company is prosecuted for the purpose of delay only. *Held:*

1. In its answer, filed with its motion to open the default, the insurance company set up the defense that the person served as

its agent was not, in fact, its agent, but failed to make this a ground of its motion to open the default. While such an attack on the service may be made by answer (Section 12 (b) (5); *Code Ann.* § 81A-112) rather than by motion, the attack made in the answer here was unavailing as the case was in default. See *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796, supra. The insurance company could have, but failed to make this a ground of its motion to open the default and, if sustained, require proper service or a dismissal of the complaint. As a result, final judgment was rendered in the cause. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. Accordingly, the plea of res judicata based upon the decision of the Supreme Court of this State affirming the action of the trial judge in overruling the motion to open the default and the action of this court in conformity thereto is conclusive against the right of the insurance company, on its motion to set aside such judgment, to urge a ground which it should have urged in its previous motion. Whether or not Section 12 (g) of the Civil Practice Act (*Code Ann.* § 81A-112) which provides: "If a party makes a motion under this section but omits therefrom any defense or objection then available to him which this section permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . ." is applicable to the present case, it is not necessary to decide, in view of the ruling just made.

2. Assuming, however, without deciding, that the provisions of paragraph (g) of Section 12 of the Civil Practice Act do apply, that section provides that it does not apply to a defense of failure to state a claim upon which relief can be granted. However, Section 60 (d) relating to a motion to set aside a judgment specifically provides that "to be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleading must affirmatively show that no claim in fact existed." Irrespec-

tive of these factors, however, the record discloses the insurance company interposed a motion to dismiss the complaint on the ground it failed to state a claim upon which relief could be granted. This motion was denied prior to the former appeal, and no enumeration of error was made thereon in such appeal. This ruling established as the law of the case that the complaint stated a claim and this necessarily included and encompassed a ruling that the complaint did not affirmatively show that no claim in fact existed. The law of the case, thus established, is not now open to review in this subsequent appeal from the overruling of a motion to set aside the final judgment rendered in the cause.

3. Ground (e) of the motion to set aside the judgment seems to be an attempt to present a claim of res judicata as the argument is made in this court indicating it is based upon such a contention that the case of *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1, supra, is controlling because in that case it was determined there was no uninsured motorist coverage under the policy sued upon in the present case. That case appears to have been a case brought by the husband of Maggie Sanders. See *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 202, 203, supra. Even should we assume that Maggie Sanders was in privity with her husband so that the judgment in the case referred to would be binding upon her (see in this connection *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (1) (6 SE2d 126); *Commercial Credit Corp. v. C. & S. Nat. Bank,* 68 Ga. App. 393, 394 (23 SE2d 198)), no proof of the issues and the judgment rendered in such case was adduced upon the hearing in the present case. While this court must take judicial cognizance of the record and judgment in this case on the prior appeal (*Langford v. Holton,* 78 Ga. App. 632 (51 SE2d 687)), it cannot take judicial cognizance in this appeal of the case brought by the husband and the action of this court therein. There being no proof adduced of the claim of the insurance company that another case was res judicata, we must hold that such claim is without merit. Whether or not, if such proof had been submitted, it would have been sufficient to overcome the law of the case as referred to in Division 2 of this opinion, we do not decide.

4. Grounds (b) and (c) of the motion to set aside the judgment were not argued in this court and will be considered as abandoned. The overruling of the motion to set aside the judgment in case number 45350 is, therefore, affirmed.

The overruling of the motion to set aside the judgment being thus affirmed for the reasons given, we do not decide whether it should be affirmed under the decision by this court in *Northern Freight Lines v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786 (175 SE2d 104).

5. The appellee, in its opposition to the motion to set aside the judgment, was not entitled to have submitted to a jury the question of whether she was entitled to expenses of litigation and attorney's fees under *Code* § 20-1404, which provides that: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." This Code section has no application to a mere motion to set aside the judgment rendered in the case between the parties. The trial court did not err in striking that portion of the response to the motion to set aside the judgment which claimed such relief.

6. The appellee's motion in case number 45351 for damages for a frivolous appeal under *Code* § 6-1801 is denied. The case of *Rahal v. Titus,* 110 Ga. App. 122, 132 (138 SE2d 68) is not controlling here as in that cass it appeared that the record disclosed that the main contention as to a fact claimed to exist was found to be absolutely untrue and that appellants knew this to be so.

*Judgments affirmed, Jordan, P. J., and Eberhardt, J., concur.*
ARGUED JUNE 2, 1970—DECIDED SEPTEMBER 8, 1970.

*Zorn & Royal, William A. Zorn,* for appellant.
*Jack J. Helms,* for appellee.