## A91A1556. BEALS v. BEALS.
(416 SE2d 301)

COOPER, Judge.

This appeal arises out of a dispute between appellant and appellee, both of whom claimed to be the surviving spouse of Melvin Beals, Jr., the deceased.

The deceased was killed in a train accident in August 1990. On October 16, 1990, appellee, as surviving spouse, filed an application for letters of administration on the deceased's estate, and on November 28, 1990, appellant, unaware of appellee's application, also filed an application for letters of administration on the estate of the deceased. On December 3, 1990, the probate court granted appellee's application for letters of administration and, subsequently, appellant filed a petition to set aside the order granting appellee's application. Appellant alleged that she was the surviving spouse of the deceased; that she and the deceased had lived together as husband and wife since 1978; that two children were born as issue of their marriage; and that appellee's letters of administration had been procured by appel-

lee's fraudulent representation that appellee was the surviving spouse of the deceased. The probate court issued a rule nisi ordering appellee to show cause why she should not be removed as administrator and directing that she take no further action as administrator until the issue could be resolved. Appellant and appellee stipulated that appellant's petition to set aside would be treated as a timely objection to appellee's petition for letters of administration. Following a three day hearing, during which the probate judge heard testimony and arguments from both parties, the court entered an order denying appellant's application for letters of administration and petition to set aside.

A discretionary application is generally required from the denial of a motion to set aside. OCGA § 5-6-35 (a) (8). However, since both parties agreed that appellant's petition to set aside would be treated as a timely objection to appellee's petition for letters of administration, and since the probate court apparently treated it as such, conducting a full hearing on appellant's petition and her application for letters of administration, appellant's direct appeal to this court is allowed. See also OCGA § 15-9-123.

1. Appellant contends in her first enumeration of error that the probate court erred in finding that a common law marriage existed between the deceased and appellee. " 'Whether a man and a woman have entered into a common law marriage is a question of fact.' [Cit.]" *Edwards v. Edwards*, 188 Ga. App. 821 (1) (374 SE2d 791) (1988). The probate court, as the trier of fact, found that appellant did not meet her burden of proving that appellee was not the common law spouse of the deceased. " 'The decision of the trial court as to the fact question of the existence vel non of a common-law marriage, should not be disturbed on appeal if there is any evidence to support its finding. (Cits.)' [Cit.]" *Brown v. Carr*, 198 Ga. App. 567, 568 (402 SE2d 296) (1991). There is evidence in the record that appellee and the deceased decided to live together as husband and wife in 1971; that they purchased a house together in 1972 and both lived in that house until 1978; that during the time they lived together, appellee referred to herself as Mrs. Beals and represented to people that she was the deceased's wife; that the deceased introduced appellee to people as his wife; that the deceased and appellee maintained a joint bank account; that they purchased cars together and signed contracts together; that two children were born to the deceased and appellee; and that although appellee filed for a divorce on two occasions, both complaints were dismissed without prejudice and no final decree of divorce was ever entered. Appellant argues that evidence such as the filing of tax returns by the deceased as a single person and appellee's use of the name Patricia Johnson when filing her tax returns and applying for Aid for Families with Dependent Children, is inconsis-

tent with the existence of a marriage between the deceased and appellee. While such evidence should be considered, it does not necessarily overcome direct proof of the existence of a common law marriage between the deceased and appellee. See *Evans v. Marbut*, 140 Ga. App. 329, 331-332 (231 SE2d 94) (1976). We find that there was ample evidence that a common law marriage existed between the deceased and appellee and that said marriage remained undissolved at the time of the deceased's death.

2. In her second enumeration of error, appellant argues that even if a common law marriage did exist between appellee and the deceased, appellee was not entitled to be administrator of the deceased's estate. Appellant contends that a separation agreement signed by the deceased and appellee in 1984 bars appellee from acting as administrator. Appellant relies on *Simpson v. King*, 259 Ga. 420 (383 SE2d 120) (1989). In *Simpson*, the decedent and the appellee were married for approximately two years before they separated. Subsequently, the decedent began living with the appellant and filed for a divorce from the appellee. A final alimony and property settlement agreement was entered into between the decedent and the appellee. However, before a final decree of divorce was entered, the decedent died. The appellant objected to the appointment of the appellee as administratrix of the decedent's estate as the surviving spouse of the decedent. Although the Supreme Court acknowledged that the appellee could technically be considered the surviving spouse because the divorce was not final, the court determined that the appellee could not inherit from the decedent's estate, stating: "[The settlement] agreement settled 'all issues of alimony' between the parties. They negotiated the agreement, signed it, and complied with it as reflected in the court order. Thus, the appellee is barred from receiving anything further from the estate 'by virtue of the marriage contract. . . .' OCGA § 19-6-7." *Simpson v. King*, supra at 422. The Supreme Court also held that the appellee should not have been named administratrix since she had no interest in the decedent's estate as a surviving spouse. The probate court found that *Simpson* was not controlling since the separation agreement entered into between the deceased and appellee did not address the issue of alimony. We agree that *Simpson* is not controlling because of material factual distinctions. In the case sub judice, the separation agreement was signed by the parties on the same date that appellee filed her second complaint for divorce. The agreement contained mutual promises regarding visitation, child support and the division of the real and personal property of the parties yet did not specifically address any matters regarding alimony or spousal maintenance. Also, the separation agreement was never made an order of the court as in *Simpson*. Furthermore, the record reflects that in addition to dismissing the second complaint for divorce, ap-

pellee continued to have intimate relations with the deceased through 1990, the year that the deceased died, even though the deceased no longer resided in the marital home. There is also evidence that the deceased made statements to the effect that he did not intend to divorce appellee. Thus, in addition to the halting of the divorce process, neither the deceased nor appellee showed any intention to proceed with the divorce. In contrast, all the evidence in *Simpson* indicates that, but for the deceased's intervening death, the divorce would have been final. Accordingly, unlike *Simpson*, we cannot conclude that the only reason appellee can be considered a surviving spouse is because a final divorce had not been entered and find no error with the trial court's appointment of appellee as administrator.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1992 —
RECONSIDERATION DENIED FEBRUARY 26, 1992 — 

*Cuffie & Smith, Thomas F. Cuffie, Rufus Smith, Jr.*, for appellant.

*Prince A. Brumfield, Jr., Burge & Wettermark, Michael J. Warshauer*, for appellee.