## A02A0226. FRANKLIN v. FRANKLIN.
(558 SE2d 738)

PHIPPS, Judge.

Appellee Wilhelmina Franklin filed a complaint for declaratory judgment against appellant Patricia Franklin and others. Both women claim to be the legal widow of Earl Franklin, who died in 1999. The jury returned a verdict finding appellee to be the legal widow. Following denial of her motion for new trial, appellant appeals judgment entered on the verdict. Appellant challenges the sufficiency of the evidence to support the verdict and the trial court's refusal to give one of her requested jury charges. Finding no evidentiary insufficiency or trial error, we affirm.

Appellee makes a persuasive claim to being the lawful widow because she and Earl Franklin entered into a ceremonial marriage in 1998, and the marriage remained in existence at his death. Appellant, however, testified that in the early 1980s she and Earl Franklin entered into a common-law marriage which never ended in divorce.[1] To substantiate the existence of the common-law marriage, appellant presented numerous acquaintances and family members of the couple who testified that they held themselves out as being married.

---

[2] See, e.g., *Salter v. State*, 257 Ga. 88, 89 (1) (356 SE2d 196) (1987).
[1] Although no common-law marriage may be entered into in this state on or after January 1, 1997, valid common-law marriages entered into prior to that date continue to be recognized. OCGA § 19-3-1.1.

Appellant also introduced documents such as joint tax returns and medical records which identified her and Earl Franklin as husband and wife. Appellee, on the other hand, presented other relatives and acquaintances of the parties who denied that Earl Franklin held himself out as having been married to appellant. Appellee also submitted evidence that in the 1980s Earl Franklin held himself out as being married to another woman who also used his last name. Indisputably, Earl Franklin did cohabit with appellant; they bore a child together; and, if they did enter into a common-law marriage, it was never dissolved.

1. Appellant argues that the evidence demanded a finding that she and Earl Franklin entered into a common-law marriage. This argument is without merit.

> When the alleged marriage is unlicensed and nonceremonial, the burden is on the proponent to prove that a common-law marriage existed. In order for a common law marriage to come into existence, the parties must be able to contract, must agree to live together as man and wife, and must consummate the agreement.[2]

"Of particular import is that 'such legal relationship cannot be partial or periodic,' [cit.], and that the three requirements must coexist. [Cit.]"[3]

> [I]f the factfinder finds as *true* that the parties sometimes held themselves out as not married when that was convenient or served their purposes and at other times held themselves out as married, then the factfinder would be compelled to conclude that the party who has the burden to prove a common law marriage existed would fail because the evidence conclusively shows that one element is disproved: that the parties agreed to live together as husband and wife. [Cit.] It would be unlawful to agree to do that only periodically. Either you agree to be married, and married you are all the time, or you do not, in which case you are not married at all. [Cit.][4]

Here, the jury might have believed witnesses testifying for both parties and found that appellant and Earl Franklin lived together as

---

[2] (Citations, punctuation and footnote omitted.) *Wright v. Goss*, 229 Ga. App. 393, 394 (1) (494 SE2d 23) (1997).

[3] Id. at 395 (1).

[4] (Emphasis in original.) Id.

husband and wife only periodically.[5] The jury also was authorized to disbelieve appellant's witnesses entirely and to believe appellee's witnesses instead.[6] The verdict finding no common-law marriage between appellant and Earl Franklin has support in the evidence.

2. Appellant also complains of the trial court's refusal to instruct the jury, in accordance with cases such as *Wright v. Goss*[7] and *Beals v. Beals*,[8] that the existence of a common-law marriage may be proved by such circumstances as the parties holding themselves out to the world as husband and wife or by reputation. The court did not err in refusing to give the requested charge, as the basic proposition it set forth was addressed in another part of the jury instruction.[9]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 4, 2002 — 

*Adam R. Gaslowitz & Associates, Adam R. Gaslowitz, Duane D. Pritchett*, for appellant.
*Divida Gude*, for appellee.

[5] See *In re Estate of Dunn*, 236 Ga. App. 211, 212-213 (2) (b) (511 SE2d 575) (1999) (holding that evidence supported finding of no common-law marriage where party to alleged marriage did not consistently claim or engage in conduct consistent with existence of common-law marriage).

[6] See *Ridley v. Grandison*, 260 Ga. 6 (389 SE2d 746) (1990) (holding that evidence supported finding of common-law marriage even though both parties denied existence of marriage in court).

[7] Supra.

[8] 203 Ga. App. 81, 82 (1) (416 SE2d 301) (1992).

[9] See *Mattox v. MARTA*, 200 Ga. App. 697, 699 (2) (409 SE2d 267) (1991) (a requested charge properly is refused if principle involved is substantially covered in charges given).