## A02A2304. FRANKLIN v. GUDE.
(578 SE2d 170)

RUFFIN, Presiding Judge.

Attorney Divida Gude moved the trial court to find Patricia Franklin in contempt for wilfully disobeying a court order. The trial court granted Gude's motion, and Franklin appeals. For reasons that follow, we affirm.

The record shows that Gude's client filed a declaratory judgment

---

[4] *Mathis v. State*, 250 Ga. App. 500, 502 (552 SE2d 97) (2001).

action against Franklin.[1] During discovery, Gude noticed Franklin's deposition for April 25, 2000, but Franklin did not appear. Gude moved for sanctions on behalf of her client, seeking, among other things, attorney fees and costs incurred when Franklin failed to attend her deposition. The trial court granted the motion on June 26, 2000, and ordered Franklin to pay Gude "attorney's fees in the amount of $1,000.00 and costs of $84.00 by July 7, 2000." The declaratory judgment action subsequently proceeded to trial, resulting in a verdict for Gude's client.[2] Franklin appealed to this Court, challenging the sufficiency of the evidence and the trial court's jury charges, but not the sanctions order.[3] We affirmed the jury's verdict in an opinion dated January 4, 2002.[4]

On April 11, 2002, Gude asked the trial court to find Franklin in contempt for wilfully failing to pay the sums specified in the June 26, 2000 sanctions order. Franklin admitted at the contempt hearing that she had not paid the required amounts and, thus, had disobeyed the order. Following the hearing, the trial court deemed Franklin in wilful contempt and directed her to purge that contempt by immediately complying with the sanctions order. This appeal ensued.

A trial court has broad discretion in determining whether its orders have been violated, and we will not reverse a contempt ruling absent a gross abuse of discretion.[5] "If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed [its] order, the decision of the trial court will be affirmed on appeal."[6] Wilfulness may be shown through a conscious or intentional failure to act.[7]

Without dispute, Franklin did not pay the sums required by the June 26, 2000 sanctions order. She testified that, in her view, she had no reason to pay the money and that her attorney advised her not to make the payment. Based on this testimony, the trial court concluded that Franklin wilfully disobeyed its order.

Franklin does not question this wilfulness finding on appeal.[8] She argues instead that the underlying sanctions order was erroneous. Specifically, she claims that her failure to appear at the deposition was not sanctionable and that, even if her conduct warranted

---

[1] See *Franklin v. Franklin*, 253 Ga. App. 147 (558 SE2d 738) (2002).

[2] See id.

[3] See id.

[4] See id.

[5] See *City of Roswell v. Eller Media Co.*, 275 Ga. 379 (1) (566 SE2d 659) (2002).

[6] (Citation and punctuation omitted.) Id.

[7] See *Mableton Parkway CVS v. Salter*, 254 Ga. App. 162, 163 (1) (561 SE2d 478) (2002).

[8] We note that Franklin's testimony supported the trial court's conclusion regarding wilfulness. See id.; *Brewton v. Rowell*, 173 Ga. App. 117 (325 SE2d 610) (1984) (the fact that party relied on counsel's advice in disobeying court order does not, alone, preclude finding of wilfulness).

sanctions, Gude failed to sufficiently prove the amount of her attorney fees.

As noted in Franklin's brief, discovery orders are not directly appealable.[9] Thus, we have held that " 'when appeal after final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling.' "[10] Relying on this procedure, Franklin contends that errors in the underlying sanctions order undermine the contempt citation. We disagree.

A judgment is conclusive "between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."[11] Although Franklin could not initially appeal the June 26, 2000 sanctions order, she could have raised it as error when she appealed the final judgment in the declaratory judgment action.[12] Well before the trial court found her in contempt, therefore, Franklin had the opportunity to appeal and "put in issue" the alleged errors in the sanctions award.[13]

This is not a case where "appeal after final judgment [could] not cure an erroneous discovery order."[14] Franklin could have — and should have — sought to cure the alleged errors in the sanctions order before this contempt proceeding began.[15] Her failure to do so precludes her from challenging the merits of that order, which is now conclusive.[16] Accordingly, the trial court did not err in finding Frank-

---

[9] See *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 82 (485 SE2d 525) (1997).

[10] Id. See also *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 856 (1) (567 SE2d 24) (2002).

[11] OCGA § 9-12-40. See also *Bennett v. Cotton*, 244 Ga. App. 784, 786 (1) (536 SE2d 802) (2000) (" '[T]he term privity denote[s] [a] mutual or successive relationship to the same rights of property.' ").

[12] See OCGA § 5-6-34 (d) (in an appeal from a final judgment, "all . . . orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the . . . order standing alone and without regard to whether the . . . order appealed from was final or was appealable by some other express provision of law"). In her reply brief, Franklin asserts, without citation of authority, that she "likely was prohibited from" challenging the sanctions order in the original appeal. We fail to see how this outstanding sanctions order falls outside the scope of OCGA § 5-6-34 (d).

[13] See OCGA § 9-12-40.

[14] *Johnson & Johnson*, supra.

[15] Cf. *Sechler Family*, supra (appeal following contempt citation was first opportunity to enumerate errors in underlying court order).

[16] See *City of Fairburn v. Cook*, 195 Ga. App. 265, 267-268 (2) (393 SE2d 70) (1990) (City's failure to challenge prejudgment interest award during initial appeal precluded it on remand from questioning the award on grounds available to it before the initial appeal); *Halkirk Cos. Corp. v. Dirt Busters*, 190 Ga. App. 460, 461 (1) (379 SE2d 173) (1989) (unappealed order releasing garnishee "is res judicata in resolving the garnishment proceeding"); *American Liberty Ins. Co. v. Sanders*, 122 Ga. App. 407, 408-409 (1) (177 SE2d 176) (1970) ("[T]he plea of res judicata based upon the decision of the Supreme Court of this State

lin in contempt of court for wilfully disobeying the June 26, 2000 order.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 10, 2003.

*Adam R. Gaslowitz & Associates, Adam R. Gaslowitz, Duane D. Pritchett*, for appellant.

*Divida A. Gude*, pro se.

---

affirming the action of the trial judge in overruling the [defendant's] motion to open the default . . . . is conclusive against the right of the [defendant], on its motion to set aside such judgment, to urge a ground which it should have urged in its previous motion."); *Sewell Dairy Supply Co. v. Taylor*, 113 Ga. App. 729, 730 (3) (149 SE2d 540) (1966) (Court of Appeals affirmed trial court's order overruling defendant's general demurrer; at subsequent trial, defendant could not raise a statute of limitation defense "which was known to the defendant and could have been incorporated in the previous appeal in the exercise of ordinary diligence").