### A02A2329. GUTHRIE v. GUTHRIE et al.
(577 SE2d 832)

RUFFIN, Presiding Judge.

Sandra Holt Guthrie ("Sandra") entered a settlement agreement with her husband, Dallas Rufus Guthrie ("Dallas"), in connection with divorce proceedings. Dallas, who suffered from brain cancer, died several months after executing the agreement, and the trial court dismissed the divorce petition. Sandra subsequently filed the instant action against the Dallas estate to enforce the settlement agreement. The executors of Dallas' estate moved for summary judgment,[1] which the trial court granted. This appeal ensued, and, for reasons that follow, we reverse.

---

[8] *Johnson v. Loy*, supra at 436 (3).

[1] Benjamin Guthrie and Denise Guthrie Sperier answered Sandra's complaint individually and in their capacity as executors and beneficiaries of Dallas' estate. For the sake of clarity, we refer to them collectively as "the executors."

"Summary judgment is appropriate when no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law."[2] Here, the relevant facts demonstrate that Sandra sued Dallas for divorce in Morgan County in April 2000. On May 31, 2000, the parties attended a mediation, which resulted in a handwritten settlement agreement that was signed by both parties and their attorneys. Approximately one month later, Dallas, through new counsel, moved to have the settlement agreement set aside. Dallas argued that the medication he had taken for his illness rendered him incapable of making an informed decision, as evidenced by the fact that he agreed to pay more than he could afford. Before the trial court ruled on Dallas' motion, he died. The trial court subsequently dismissed the Morgan County divorce proceeding.

On April 13, 2001, Sandra filed a complaint in Fulton County Superior Court, seeking to enforce the settlement agreement. Some months thereafter, she moved the court to enforce the settlement agreement, contending that she was entitled to judgment as a matter of law. The trial court denied the motion on grounds that the settlement agreement was unenforceable. In its order, the trial court noted that it had discretion to reject the settlement agreement, which stemmed from divorce proceedings, and further reasoned that the agreement failed as a contract because it lacked consideration. The executors then moved for summary judgment, which the trial court granted. On appeal, Sandra contends that the trial court erred in granting the executors' motion, asserting that *she* — not the executors — is entitled to judgment as a matter of law.

Settlement agreements arising from divorce proceedings are contracts, which are enforceable if all essential elements are embodied in the agreement.[3] Moreover, "[s]ettlement agreements in divorce cases must be construed in the same manner and under the same rules as all other contractual agreements."[4] And such settlement agreements are enforceable even if the contract was never incorporated in a final divorce decree.[5]

In this case, the trial court concluded that, because Dallas died before the divorce became final, the settlement agreement lacked consideration and was thus unenforceable. But it is well settled that "the termination of family controversies affords a consideration which is sufficient to support a contract made for such purpose."[6] The

---

[2] *Catrett v. Landmark Dodge*, 253 Ga. App. 639 (560 SE2d 101) (2002).

[3] See *Edelkind v. Boudreaux*, 271 Ga. 314, 316 (2) (519 SE2d 442) (1999) (oral settlement agreement).

[4] *Kreimer v. Kreimer*, 274 Ga. 359, 361 (1) (552 SE2d 826) (2001).

[5] See *Simpson v. King*, 259 Ga. 420, 422 (3) (383 SE2d 120) (1989).

[6] (Punctuation omitted.) *Fulford v. Fulford*, 225 Ga. 9, 16 (3) (165 SE2d 848) (1969). See also *Herndon v. Herndon*, 227 Ga. 781, 784 (183 SE2d 386) (1971); *Fowler v. Smith*, 230 Ga. App. 817, 820 (2) (a) (498 SE2d 130) (1998).

executors essentially argue that, upon Dallas' death, the consideration was extinguished, thereby rendering the contract void. However, "the adequacy of consideration must be tested by the facts and conditions existing at the time the contract was made."[7] Moreover, the agreement settled not only the divorce, but also the division of property, which provides sufficient consideration to support such agreement.[8] Accordingly, to the extent that the trial court based its ruling on insufficient consideration, it erred.[9]

The executors further contend that a divorce settlement agreement may only be enforced by the court presiding over the divorce proceedings. To support this contention, the executors argue that, "[i]n a divorce action, the agreement, if accepted by the court, becomes the judgment of the court itself and therefore the court has the discretion to approve or reject the agreement, in whole or in part."[10] However, the fact that the divorce court has such power does not alter the nature of the agreement, which is simply a contract.[11] Although only the divorce court has authority to adopt the settlement agreement, that does not mean the agreement is not otherwise enforceable as a contract.[12]

In its summary judgment order, the trial court clearly treated the case before it as a divorce case, asserting that it was exercising its discretion in rejecting the settlement agreement. But the case before the trial court was a contract case, not a divorce action.[13] And this Court is aware of no authority that permits a trial court to summarily reject an otherwise valid contract merely because it arose out of a divorce proceeding. Thus, the trial court erred in granting the executors' motion for summary judgment on this basis.

The executors maintain that they are entitled to summary judgment on several other bases, and they ask this Court to affirm under the right for any reason rule. First, the executors argue that the parties' conduct evidenced that they rescinded the contract. The executors also assert that, given Dallas' lack of capacity, there was no meeting of the minds. We disagree with both assertions.

The executors contend that Dallas, in seeking to have the settlement set aside, rescinded the agreement. They further maintain that, by seeking a year's support and temporary alimony in contravention of the terms of the settlement agreement, Sandra agreed to

---

[7] *Saine v. Clark*, 235 Ga. 279, 281 (2) (219 SE2d 407) (1975).

[8] See *Herndon*, supra.

[9] See *Synergy Worldwide v. Long, Haymes, Carr, Inc.*, 44 FSupp.2d 1348, 1356 (N.D. Ga. 1998).

[10] *Bridges v. Bridges*, 256 Ga. 348, 350 (1) (349 SE2d 172) (1986).

[11] See *Edelkind*, supra.

[12] See *Simpson*, supra.

[13] Indeed, the divorce action, which was prosecuted in another county, was dismissed.

the rescission.[14] Generally, the issue of whether a party has rescinded a contract is a jury question.[15] Here, as the executors refused to abide by the settlement agreement, Sandra received no money under that settlement agreement. Thus, she sought payment of a year's support and *temporary* alimony. We fail to see how such conduct establishes, as a matter of law, an intent to rescind the permanent property settlement agreement.[16] It follows that the executors are not entitled to summary judgment on this basis.

Similarly, we cannot conclude, as a matter of law, that there was no meeting of the minds. According to the executors,

> by the time that mediation session was concluded, [Dallas] had suffered anxiety attacks, had consumed at least four doses of Valium, was bereft of energy and mental concentration and simply was not . . . mentally competent to understand and comprehend the obligations he was undertaking under the terms of the Settlement Agreement.

Capacity to enter a contract, or lack thereof, is a jury question.[17] Thus, this argument presents no basis for affirming the trial court's ruling.

Based on the foregoing, it is clear that the trial court erred in granting the executors' motion for summary judgment. Nonetheless, we do not agree with Sandra's contention that she is entitled to judgment as a matter of law. As discussed, issues of fact remain regarding Dallas' capacity to enter the agreement and Sandra's possible rescission of the contract.[18]

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 4, 2003 —
RECONSIDERATION DENIED FEBRUARY 19, 2003 — 

*Martin L. Fierman*, for appellant.
*James G. Killough*, for appellees.

---

[14] See *Vildibill v. Palmer Johnson of Savannah, Inc.*, 244 Ga. App. 747, 749 (3) (536 SE2d 779) (2000) (" 'The parties to a contract may rescind it by mutual agreement, and rescission of a written contract need not be in writing. One party to a contract may consent to rescission by the other party either impliedly or by conduct.' ").

[15] *Catrett*, supra at 641-642.

[16] Indeed, the probate court that awarded the year's support ordered that the money be offset against any recovery Sandra eventually received under the settlement agreement.

[17] See *Thornton v. Carpenter*, 222 Ga. App. 809, 814 (2) (d) (476 SE2d 92) (1996).

[18] See id. at 813-814.