A03A1123. EAST GAS, INC. et al. v. JOHNSON COUNTY BOARD OF TAX ASSESSORS.

(591 SE2d 367)

SMITH, Chief Judge.

In this appeal, we revisit the question of the propriety and scope of subpoenas issued by a county board of tax assessors under OCGA § 48-5-300. See *Fulton County Bd. of Tax Assessors v. Saks Fifth Avenue,* 248 Ga. App. 836 (547 SE2d 620) (2001) (physical precedent only); *Eckerd Corp. v. Fayette County Bd. of Tax Assessors,* 220 Ga. App. 454-455 (1) (469 SE2d 285) (1996). East Gas, Inc., Sunbelt Ice, Inc., and their principal shareholder, George East, appeal the trial court's finding of contempt with respect to their failure to provide the documents subpoenaed by the Johnson County Board of Tax Assessors. Finding that the trial court did not abuse its broad discretion in granting the board's petition for contempt, we affirm.

This matter began when East Gas and Sunbelt Ice filed their personal property tax returns on April 7, 2000. With respect to Sunbelt Ice, the return is blank except for the taxpayer's name and address, the owner's signature, and a single figure in the space provided for the taxpayer's returned value of "furniture/fixtures/machinery/equipment: $50,000."[1] According to the chief appraiser for the board, "These forms ask many, many questions and they're asking for detailed information. And what was received was a figure." The head of the accounting firm hired to conduct audits for the board identified a complete personal property tax return form, a multiple-page form used for calculation of value based on the cost and depreciation of the major categories of personal property. The witness testified that if a taxpayer "were to get this form and skip everything and just stick a number right there," the board would be unable to determine whether the final number was accurate. The chief appraiser for the county testified that, based on the incomplete return on the personal property, "[t]here was no way of knowing whether it had been valued properly or not."

In March 2002, the board sent audit letters to East Gas and Sunbelt Ice concerning their 2000 and 2001 personal property tax returns, requesting that various enumerated business records be

---

[1] No tax return for East Gas appears in the record, but the chief appraiser for the county testified that the forms were not completed by the taxpayer.

made available for inspection. The chief appraiser testified that the county was seeking to review the personal property valuation in accordance with the requirements of the state revenue department that personal property be revalued every three years. In early April, the auditor began calling the taxpayer to schedule an appointment but was unable to set up a meeting. In June, the county sent a follow-up letter again listing the documents requested. A subpoena followed on August 20, directing East Gas and Sunbelt Ice to appear at the board's office at 10:00 a.m. on September 9, 2002, bringing the same documents requested in the earlier letters, "to be considered as evidence by the said Board of Tax Assessors in a matter there pending between the Johnson County Board of Tax Assessors and East Gas, Inc. and Sunbelt Ice, Inc., Johnson County personal property accounts #2490 and #3850." While the taxpayers apparently sent a letter to the board on September 6, 2002, asserting that the subpoena "violated these companies' constitutional rights," that letter appears nowhere in the record. The taxpayers did not respond to the subpoena, and this petition for contempt followed. After a hearing, the trial court issued an order finding that the taxpayers and their principal shareholder "failed to provide the requested information which Plaintiff is entitled and authorized to receive to assess taxes. The process used by the Board of Tax Assessors complied with Georgia law and did not violate the Defendants' constitutional rights. Therefore, Defendant[s are] in willful contempt."

Under OCGA § 48-5-300, dealing with the power of the board to subpoena witnesses, the trial court "shall have the same power and jurisdiction to punish the person failing or refusing to comply with the order for contempt and to require and compel the giving of the testimony or the production of the books and records as in cases of contempt committed in the presence of the court and as in cases pending in the court." OCGA § 48-5-300 (b). Generally,

> [a] trial court has broad discretion in determining whether its orders have been violated, and we will not reverse a contempt ruling absent a gross abuse of discretion. If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed its order, the decision of the trial court will be affirmed on appeal. Wilfulness may be shown through a conscious or intentional failure to act.

(Punctuation and footnotes omitted.) *Franklin v. Gude*, 259 Ga. App. 521, 522 (578 SE2d 170) (2003).

Here, although the taxpayers seek to rely upon the precedent in *Saks*, supra, 248 Ga. App. 836, the differences are substantial. While

certainly, as we observed in that case, we must be vigilant against any "cavalier fashion in which taxpayer audits are being handled and the potential for abuse therein," id. at 844, there is a countervailing concern regarding unreasonable refusal to participate in the process. Here, the taxpayers filed an extremely perfunctory tax return and then refused all efforts of the board to seek information by voluntary means. In contrast to *Saks*, here a hearing was scheduled, as the taxpayers acknowledge. While the taxpayers argue that they were not sufficiently informed with regard to the subject of the hearing, some evidence to the contrary was presented in the correspondence between the board and the taxpayers and the testimony regarding attempts to review the personal property valuation. Similarly, while the taxpayers contend the board was attempting to revalue personal property already returned, some evidence was presented that this inquiry was pursuant to the triennial review of personal property returns required by the State Revenue Commission. Also, unlike the taxpayer in *Saks*, the taxpayers never filed a complaint against the board seeking injunctive relief, nor did they move to quash the subpoena or move for a protective order. Compare id. at 840-841. Other than a letter which does not appear in the record, their only response was the reply brief to the board's petition for contempt.

Under these circumstances, the trial court did not err in concluding that the taxpayers failed to provide information that the board "is entitled and authorized to receive to assess taxes" and that their failure was wilful. This conclusion was supported by some evidence in the record and was not an abuse of the trial court's broad discretion in these matters.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2003 —
RECONSIDERATION DENIED NOVEMBER 25, 2003 —

*Kight & Baggett, Joshua E. Kight, Billy R. Kight*, for appellants.
*Green & Green, Judson L. Green IV*, for appellee.