A10A2038. THOMAS v. BROWN et al.

(707 SE2d 900)

DOYLE, Judge.

On December 29, 2004, Appellant B. E. Thomas filed suit against W. Bobby Brown to recover various debts and seeking equitable distribution ("the 2004 case"). On April 4, 2005, Thomas filed a second action against Brown, adding Claudia Brown as a defendant and seeking to recover under various promissory notes and rental income ("the 2005 case"). The trial court consolidated the two cases, which proceeded to trial. Following a jury verdict, the trial court entered judgment in favor of Thomas and against both defendants in the amount of $515,300.76.[1] Thomas filed a motion for new trial, which the trial court denied. This appeal followed.

1. Thomas argues that the trial court erred by consolidating the two cases because neither he nor a third-party defendant consented thereto. This argument provides no basis for reversal.

OCGA § 9-11-42 (a) provides:

> When actions involving a common question of law or fact are pending before the court, *if the parties consent*, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.[2]

In *Ford v. Uniroyal Goodrich Tire Co.*,[3] the Supreme Court noted that although the requirement of party consent in OCGA § 9-11-42 (a) "conflicts with the general intent of the consolidation rule,"[4] given the express language of the statute, a trial court order consolidating cases without the consent of the parties constitutes reversible error, even in the absence of a showing of harm.[5]

Here, Thomas not only consented, he actually *requested* the consolidation at a March 9, 2006 hearing regarding a discovery

---

[1] The verdict indicates that the jury awarded $497,297.82 in damages to Brown for his equitable contribution claim; it also found for Brown in his claim regarding rental payments, but awarded him $0.

[2] (Emphasis supplied.)

[3] 267 Ga. 226 (476 SE2d 565) (1996).

[4] (Punctuation omitted.) Id. at 229 (3).

[5] Id. at 229 (2).

dispute in the 2004 lawsuit. Specifically, Thomas's trial counsel stated at the hearing that "I have a motion to consolidate both cases since I think that they do intermingle with one another." Bobby consented to the motion, and the trial court verbally granted the motion to consolidate. On April 21, 2009, Thomas stipulated the case to the trial calendar. Then, on May 20, 2009, more than three years after his motion to consolidate, Thomas filed a motion that the two cases be tried separately, arguing that the claims, parties, and causes of action in the two cases were "separate and distinct." Shortly thereafter, the trial court entered a written order consolidating the two cases.

Under these circumstances, we find Thomas's enumeration meritless. He requested consolidation, and the fact that he later rescinded his consent thereto does not render erroneous the trial court's failure to separate the two cases for trial. To hold otherwise would be to require trial courts to set aside consolidation orders every time a party revoked its consent, a result not required by the statute and one that would, in the words of the Supreme Court, "conflict[ ] with the general intent of the consolidation rule," for which the "objective is to give the [trial] court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[6] Further, it is well settled that "[a] party will not be heard to complain of a ruling which it sought or to which it acquiesced."[7]

We are also unpersuaded by Thomas's argument that a third party — United Community Bank of North Georgia ("United") — did not consent to consolidation. First, the Browns dismissed United before trial. More importantly, given that he specifically sought consolidation, Thomas's argument that United failed to consent thereto is unavailing.

2. Thomas contends that the trial court erred by permitting Bobby to be absent from trial and substituting Bobby's son-in-law, Ron Mayhew, "to act in his stead and in his place."

Before the trial began, Thomas's trial counsel noted Bobby's absence and objected thereto, as well as to "Mayhew's presence in court." Bobby's trial counsel provided two affidavits, which Thomas's counsel reviewed and characterized as one dated September 2008, that accompanied an application for conservatorship of

---

[6] Id. at 229-230 (3).

[7] *Firstline Corp. v. Valdosta-Lowndes County Indus. Auth.*, 236 Ga. App. 432, 434 (2) (511 SE2d 538) (1999). See also *Imperial Massage & Health Studio v. Lee*, 231 Ga. 482 (2) (202 SE2d 426) (1973) ("In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing.").

Bobby; and another dated June 2008 from Bobby's physician stating that Bobby's health had declined to such an extent that he was unable to attend trial.[8] After reviewing the affidavits, the trial court ruled that it would excuse Bobby's presence and permit Mayhew to remain in the courtroom for the duration of the trial.

Pretermitting whether the trial court abused its discretion in excusing Bobby's presence from trial and permitting Mayhew to remain at the defendants' table for the trial, Thomas has not demonstrated that he was harmed by these rulings. "Because harm as well as error must be shown to warrant reversal, this enumeration is without merit."[9]

3. In his final enumeration, Thomas argues that the trial court erred by granting Claudia Brown's motion to open her default.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge.[10]

The factors to consider in determining whether to open a default include

> whether and how the opposing party will be prejudiced by opening the default; whether the opposing party elected not to raise the default issue until after the time under OCGA § 9-11-55 (a) had expired for the defaulting party to open default as a matter of right; and whether the defaulting party acted promptly to open the default upon learning no answer had been either filed or timely filed. Further, any additional delay occasioned by a failure to file promptly for opening default upon its discovery can be considered in determining whether defendants' neglect was excusable.[11]

---

[8] It does not appear that the affidavits were admitted into evidence.

[9] (Punctuation omitted.) *Accurate Printers, Inc. v. Stark*, 295 Ga. App. 172, 178 (4) (671 SE2d 228) (2008).

[10] (Citations, punctuation and emphasis omitted.) *Follmer v. Perry*, 229 Ga. App. 257, 258 (1) (493 SE2d 631) (1997).

[11] (Punctuation omitted.) *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 145 (2) (661 SE2d 185) (2008).

The law favors the opening of defaults because

> the rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible[,] cases should be decided on their merits[,] for default judgment is not favored in law.[12]

"The sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case."[13]

Here, Thomas filed his complaint in the 2005 case against Claudia and Bobby on April 4, 2005, and both defendants were served on April 11, 2005. Attorney Dale Wren filed an answer on Bobby's behalf on May 6, 2005. Wren did not file an answer on behalf of Claudia, who believed that Wren had done so. The parties proceeded with discovery until December 28, 2006, when Thomas filed a motion to dismiss, alleging therein for the first time that Claudia had not filed an answer to the complaint; Thomas did not move for a default judgment. Claudia became aware that she was in default on January 3, 2007, and she immediately requested that her current counsel file an answer on her behalf.[14] Thereafter, on January 8, 2007, Claudia filed a motion to open default, which included her offer to plead instanter and announcement of ready to proceed to trial, an answer setting forth a meritorious defense, and her sworn affidavit in support thereof, detailing her reasons for failing to timely file an answer.

The trial court granted Claudia's motion to open the default, concluding that opening

> the default is proper in this case due to excusable neglect and because the facts and circumstances set forth a proper case for [opening] default. The parties have been proceeding as if Claudia Brown were a party for over a year, her claims and defenses are co-extensive with those of her husband (co-defendant Bobby Brown)[,] and the parties have been on notice as to their claims and defenses. Furthermore, open-

---

[12] (Punctuation omitted.) Id. at 144-145 (2).

[13] (Punctuation omitted.) *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999).

[14] The Browns had retained new counsel, who filed an entry of appearance on November 28, 2005.

ing the default against Claudia Brown will add no further burden to any party's ability to prosecute or defend the claims in this case. As the defendant has pa[id] costs and complied with all the requirements to open the default pursuant to OCGA § 9-11-55 (b), the defendant Claudia Brown's motion to open default is hereby GRANTED.[15]

The record supports the trial court's conclusion that each of the four conditions precedent had been met. Claudia believed that her attorney had filed an answer on her behalf, Wren *did* file an answer on behalf of Claudia's husband, the parties proceeded with discovery, Claudia immediately filed an answer and motion to open default once she realized that she was in default, and Thomas has failed to establish any specific claim of prejudice resulting from the opening of default. "Under the circumstances, we hold that the trial court did not abuse its discretion by opening the default and allowing the case to proceed on the merits."[16]

4. The Browns' motion for sanctions is denied.

*Judgment affirmed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 17, 2011.

*Richardson & Chenggis, George G. Chenggis*, for appellant.
*Kaufman, Miller & Sivertsen, Jeremy B. Liebman*, for appellees.

---

[15] (Emphasis omitted.)

[16] *Albee v. Krasnoff*, 255 Ga. App. 738, 741 (1) (566 SE2d 455) (2002). See also *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 49 (2) (424 SE2d 338) (1992).