**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 30, 2016**

# In the Court of Appeals of Georgia

A16A0741. CONNOLLY III et al. v. SMOCK.

PETERSON, Judge.

The trial court sanctioned J. Thomas Connolly, III and his counsel, Aaron Chausmer and Chausmer Law LLC, (collectively "Appellants") for eliciting testimony about Jeffrey Smock's personal life that the court concluded violated a ruling prohibiting the parties from introducing irrelevant character evidence. We granted Appellants' application for discretionary review to consider whether the trial court erred in sanctioning them. On appeal, Appellants argue that (1) they did not violate the court's ruling, (2) the court failed to provide sufficient notice of its intent to impose a sanction under OCGA § 9-15-14(b) and to hold the required evidentiary hearing, (3) the court did not make sufficient findings of fact as to the sanctionable conduct, and (4) the court failed to make any findings as to the reasonableness and

necessity of the fees, and instead awarded an impermissible "lump sum". Although we conclude that the trial court did not abuse its discretion in determining that Appellants' actions were sanctionable, we vacate the award because Smock failed to present evidence – and the trial court failed to find – that the attorneys' fees were the result of Appellants' trial conduct.

The record shows that Connolly and Smock were partners in Beer Money Partnership ("Beer Money"), which was formed for the purpose of investing in a real estate development venture. A dispute arose regarding the parties' obligations under the partnership, leading Smock and Beer Money to sue Connolly. Connolly responded by filing counterclaims against Smock and Beer Money. Each party asserted that the other breached the partnership agreement and breached their fiduciary duty to partnership or to each other, and the parties sought dissolution of the partnership and attorneys' fees. Connolly also sought contribution and set-off.

Prior to trial, Smock filed several motions in limine to exclude certain evidence. At a motions hearing prior to trial, the trial court orally granted Smock's motion to exclude evidence of: (1) his alleged substance abuse and his net worth, although the trial court agreed to revisit the issues at trial; and (2) sanctions previously imposed against him for discovery violations. The trial court in a written

order denied Smock's motion to exclude evidence of his criminal convictions, but ordered the parties to approach the bench before mentioning the evidence at trial.

At trial, during cross-examination of Smock, Connolly attempted to introduce Exhibit 80, which consisted of several emails from Smock discussing his dispute with Connolly, some of which contained vulgar language. The trial court[1] held a bench conference that was not recorded, and Connolly's counsel withdrew the exhibit based on the court's ruling during the conference.

During Connolly's case-in-chief, Connolly's counsel again attempted to introduce Exhibit 80. The court held another bench conference, which was not transcribed, and following the conference, Connolly's counsel asked the court to make a ruling on the record. The trial court stated without elaboration that it would not admit Exhibit 80. Connolly's counsel then presented a redacted version of the emails omitting the objectionable language, and the exhibit was admitted into the record as Exhibit 6.

Connolly later testified in support of his claims, explaining that after one of Beer Money's investments failed, his relationship with Smock became strained and

---

[1] The judge who presided over the trial was different than the judge that ruled on the pre-trial motions.

3

he began to question whether he wanted to continue as Smock's business partner. In explaining the deterioration of his business relationship with Smock, Connolly testified as follows:

> There are some things, you know, [Smock] started to do kind of on a personal level that I just didn't agree with, and so I was already kind of questioning our partnership. And, you know, more, as partners is this someone I wanted to be in bed with long term.
>
> And, you know, a couple of those things started to arise that I just – I had a problem with. You know, at one point I was closing a transaction for him at work and he moved in with a girlfriend and we had to close and get documents signed and I couldn't find him.

Smock did not object to this testimony, but the trial court interjected and stated, "It might be better for this to be a question and answer rather than just an open ended narrative. He gets to talk about whatever he wants to, and that's not the way it works." Connolly's counsel subsequently asked if there were specific instances of behavior that caused Connolly to question his dealings with Smock. Connolly said there were, and when asked to identify these instances, Smock objected on grounds of relevance and as an attempt to introduce bad-character evidence. The trial court

sustained the objection, concluding that it was "not going to have character assassination in a case unless it is relevant."

After Connolly finished testifying and the court took a recess, Smock moved for sanctions against Connolly and his counsel based on Connolly's testimony about Smock's girlfriend. Smock argued that Connolly's testimony introducing allegations of prior bad acts was the "grossest example of an attempt at character assassination," and that Connolly and his counsel should have known to avoid discussing such evidence because the trial court had granted Smock's motions in limine relating to his substance abuse and his financial condition. Smock requested that trial court sanction Connolly and his counsel under OCGA § 9-15-14, and proposed that the sanction be for attorneys' fees in the amount of $35,000.

Connolly's counsel responded and argued that none of the motions in limine addressed the issue before the court. Connolly's counsel also argued that Connolly did not intend to put Smock's character at issue, but was attempting to explain Connolly's dissatisfaction with Smock. Connolly's counsel also argued that the character evidence was permissible because Smock first put his character at issue by

previously testifying that he was a "family man."[2] Connolly's counsel argued that the conduct was not so egregious as to warrant an award of $35,000 in attorneys' fees and that, at most, the court should issue a curative instruction or an admonition.

The trial court orally granted Smock's request for attorneys' fees as a sanction against Connolly and his counsel (Appellants), finding that it had advised the parties that it would not tolerate character assassination unless it was relevant, Connolly's counsel had been persistent in trying to introduce derogatory matters into evidence, and the challenged testimony, which the court found to be calculated, had circumvented a ruling that the court made during a bench conference. The trial court assessed $35,000 in attorneys' fees against Connolly and counsel, and admonished them in front of the jury.

A day after it admonished Appellants before the jury, the court entered a written sanction order, further finding that Connolly's testimony was unrelated to issues being litigated and was offered solely for the purpose of smearing Smock's character, and that the conduct of Connolly and his attorney in offering the testimony was substantially vexatious. The jury reached its verdict and found in favor of

---

[2] During his case-in-chief, Smock responded affirmatively to the question of whether he was a "family man" and explained that he had two children and had been married for 15 years.

Connolly on all counts and awarded him no compensatory damages but $68,145 in attorneys' fees. The trial court entered the final judgment, and this discretionary appeal from the OCGA § 9-15-14(b) sanctions order followed.

1. On appeal, Appellants argue that the trial court abused its discretion in imposing sanctions under OCGA § 9-15-14(b) because, contrary to the court's ruling, it did not advise them that it would not permit bad character evidence until after Connolly testified about Smock's alleged marital infidelities. Appellants' claim of error is not supported by the record.

> OCGA § 9-15-14(b) permits a trial court to award attorney fees if it finds
>
> (1) that an attorney or party brought or defended an action, or part of an action, that lacked substantial justification; or (2) that the action, or part of it, was interposed for delay or harassment; or (3) that an attorney or party unnecessarily expanded the proceedings by other improper conduct.

*MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004) (footnote omitted). The statute defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious." OCGA § 9-15-14(b). The award of damages under OCGA § 9-15-14 is intended not only to sanction or "deter litigation abuses but also to recompense litigants who are forced to expend

their resources in contending with abusive litigation." *LabMD, Inc. v. Savera*, 331 Ga. App. 463, 465 (771 SE2d 148) (2015) (citation and punctuation omitted). We review a trial court's award of sanctions under OCGA § 9-15-14(b) for an abuse of discretion. *Id.*

In concluding that Appellants were substantially vexatious, the trial court cited Appellants' conduct in eliciting and presenting Connolly's testimony that the court believed was intended to smear Smock's character. The trial court made no finding that Appellants brought or defended an action, or part of an action, that lacked substantial justification, or that Connolly's action, or part of it, was interposed for delay or harassment. Thus, although the trial court used the term "substantially vexatious," it cited only Appellants' conduct during the trial as the sanctionable conduct. The trial court then rested its sanction award on the third factor under OCGA § 9-15-14(b), which allows the trial court to sanction a party and his or her attorney for unnecessarily expanding the proceedings through improper conduct. In determining that Appellants' conduct was improper, the trial court found that "[p]rior to the subject testimony, [it had] admonished Connolly's counsel that it would not allow irrelevant character evidence of the parties' statements or activities, and would not permit the parties to impugn each other's character in front of the jury."

8

Appellants argue that this finding was erroneous, because the court did not admonish them until after Connolly gave the subject testimony. Appellants are correct that the record reflects that the court admonished them only after Connolly's testified about Smock's girlfriend. At trial, however, the court also stated that Connolly's testimony circumvented the court's ruling during a bench conference. The record does show that the court held several bench conferences when Appellants attempted to admit Exhibit 80 – a series of emails by Smock in which he used vulgar language – into evidence.[3] But those bench conferences were not transcribed. As a result, it is impossible to determine whether the trial court ever admonished Appellants not to introduce evidence of the nature that was subject to the sanctions request. It is certainly possible that, during these conferences, the trial court did just that. "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the

---

[3] Appellants acknowledge that the trial court considered Appellants' attempts to admit Exhibit 80 in evaluating Smock's request for sanctions, and argue that the emails included in that exhibit were relevant towards Connolly's bad faith claim and that its second attempt to admit the exhibit was merely to perfect the record on the issue. What is at issue, however, is not whether the trial court's evidentiary rulings were correct, but whether it advised Appellants to avoid introducing irrelevant character evidence.

9

provisions of OCGA § 5-6-41(f)."[4] *Steele v. Atlanta Maternal-Fetal Med., P.C.*, 283 Ga. App. 274, 277 n.13 (2) (641 SE2d 257) (2007) (citation and punctuation omitted). Where the complaining party fails to complete the record under this provision, that party "fails to carry his burden of showing by the record the facts necessary to establish his point." *Glass v. State*, 289 Ga. 542, 546 (3) (712 SE2d 851) (2011) (citation and punctuation omitted); *see also Bellah v. Peterson*, 259 Ga. App. 182, 183 (1) (576 SE2d 585) (2003) (the party alleging error has the burden to show it affirmatively by the record, and the ruling complained of will be assumed to be correct when that burden is not met). Given the trial court's ruling that Appellants circumvented a bench conference ruling, and the failure of Appellants to make a complete record revealing what occurred during those conferences, Appellants have failed to demonstrate by the record that they were not admonished prior to the subject testimony. We must assume that the trial court's ruling was correct.[5]

---

[4] OCGA § 5-6-41(f) establishes a procedure for a party contending that the transcript or record does not truly or fully disclose what transpired at trial to have the record completed either by stipulation of the parties as to what occurred or the independent recollection of the trial judge.

[5] It is not obvious that OCGA § 9-15-14(b) is the most appropriate authority to support the trial court's action here. Generally, a party's willful failure to comply with a court order might be cause to hold the party in contempt. *See Smith v. Smith*, 293 Ga. 563, 564 (1) (748 SE2d 456) (2013) ("The purpose of civil contempt is to

10

2. Appellants also argue that the trial court committed multiple procedural errors in awarding sanctions because it failed to (a) provide sufficient notice of its intent to sanction them and hold an evidentiary hearing, (b) make sufficient findings as to the conduct meriting the award, and (c) make any findings as to the reasonableness and necessity of the fees. We agree in part and, therefore, vacate and remand.

Before a trial court can sanction a party under OCGA § 9-15-14(b), the party must be given (1) notice that an award of attorneys' fees under that Code section is under consideration and (2) a hearing to provide the party an opportunity to challenge the basis on which the fees are assessed and the need and value of legal services. *Wall v. Thurman*, 283 Ga. 533, 534 (3) (661 SE2d 549) (2008); *Evers v. Evers*, 277 Ga. 132, 132 (587 SE2d 22) (2003). "In order to recover attorney fees under OCGA § 9-

---

provide a remedy and to obtain compliance with the trial court's orders.") (punctuation and citation omitted); *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995) (the party's willful refusal to comply with the trial court's oral order was direct contempt). Appellants do not raise this argument here, and "we do not apply a 'wrong for any reason' rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court." *Heard v. City of Villa Rica*, 306 Ga. App. 291, 293-94 (1) (701 SE2d 915) (2010) (citation omitted).

15-14(b), a prevailing party must prove both their actual cost and their reasonableness." *Bankston v. Warbington*, 319 Ga. App. 821, 823 (2) (738 SE2d 656) (2013) (citation and punctuation omitted).

Here, Smock made an oral motion for sanctions under OCGA § 9-15-14(b) for Appellants' vexatious conduct, and after hearing Smock's argument in support of his motion, the trial court asked what sanction Smock wanted. Smock responded, "Your Honor, $22,500 has been incurred for the three days this week, and 20,000 was incurred from the 18th[6], so the sanction we would propose is $35,000." Noting he had only a "very short time" to consider the matter, Connolly's counsel argued that the conduct was not so egregious as to warrant sanctions and a curative instruction or admonition was the most the court should impose. The court then asked Smock to "close the dialogue," and, after Smock re-argued why Connolly's testimony was sanctionable, the trial court stated that "the dialogue is closed." The trial court then concluded that it would sanction Connolly and his counsel $35,000. The entire discussion, from Smock's oral motion to the court's oral ruling, lasted 18 minutes.

We need not decide whether Smock's oral motion for sanctions made during the trial or the trial court's subsequent discussion of the request provided Appellants

---

[6] The sanctions issue was discussed on August 26, 2015.

12

with sufficient notice and opportunity to be heard,[7] because we vacate the award on a different ground. Regardless of whether Appellants had sufficient notice and an opportunity to challenge the basis for the sanction award, Smock failed to submit evidence to establish the amount of fees requested. *See Bankston*, 319 Ga. App. at 823 (2) (requiring party to prove both actual cost and reasonableness of attorneys' fees). Although a party's attorney is competent to testify as to the amount and reasonableness of a party's attorneys' fees, *see Jones v. Unified Gov't of Athens-Clarke Cty.*, 312 Ga. App. 214, 221 (718 SE2d 74) (2011), Smock's attorney provided only argument in support of the sanction request. Smock's attorney was not put under oath or questioned. Thus, Smock presented no evidence to establish the attorneys' fees resulting from the sanctionable conduct, and Appellants did not acquiesce in Smock's calculation of the amount of attorneys' fees due.

---

[7] Smock notes that, although a request for attorneys' fees under OCGA § 9-15-14 must be brought in the form of a motion, his oral motion was sufficient under OCGA § 9-11-7(b) because it was made during the trial. Appellants counter that such notice was not "proper," suggesting that the court should have reserved ruling on Smock's motion for a later date. Smock also argues that Appellants waived their right to a further evidentiary hearing. We need not resolve these arguments, because we vacate and remand on another ground. *See Leggette v. Leggette*, 284 Ga. 432, 433 n.3 (2) (668 SE2d 251) (2008) (declining to address notice argument where the attorneys' fee award was reversed and remanded on another ground).

Smock argues that his counsel did present evidence to support the sanction award because, prior to the sanctions motion, his counsel testified in support of Smock's request for attorneys' fees under OCGA § 13-6-11. Smock argues that this testimony could also be used to support the award of attorneys' fees under OCGA § 9-15-14(b). Although both OCGA § 9-15-14 and OCGA § 13-6-11 allow for awards of attorneys' fees for sanctionable conduct, they apply to different types of conduct and thus result in different measures of attorneys' fees. OCGA § 9-15-14 applies to conduct occurring *during the litigation*, while OCGA § 13-6-11 applies to conduct *arising from the underlying transaction*. *Trotter v. Summerour*, 273 Ga. App. 263, 267 (2) (614 SE2d 887) (2005). Thus, the amount of attorneys' fees incurred from the transaction underlying the lawsuit cannot establish the fees incurred from the sanctionable conduct that occurred during the litigation itself. *Id.*

The trial court did not explain why it awarded $35,000 to Smock as a sanction against Appellants, other than to say that was what Smock requested. But Smock's request was based on litigation fees incurred prior to the conduct. We have stated that "in cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred *because of the sanctionable conduct*." *Trotter*, 273 Ga. App. at 267 (2) (citations omitted; emphasis added). A fee award cannot be sustained

14

under OCGA § 9-15-14(b) where the trial court makes no allocation of fees to the sanctionable conduct and it appears that the court's award was based on the moving party's claim of fees and expenses related to other parts of the litigation, not just to the sanctionable conduct. *See Hoard v. Beveridge*, 298 Ga. 728, 730 (1) (783 SE2d 629) (2016) (concluding the fee award was not sustainable under § 9-15-14(b) where the court's order made "no specific allocation of fees awarded pursuant to OCGA § 9-15-14(b) and award[ed] [the moving party] $232,114 in fees and expenses, the same amount he claimed to have incurred from the date of the temporary hearing related to *all* aspects of the litigation."); *Hardman v. Hardman*, 295 Ga. 732, 740 (4) (763 SE2d 561) (2014) (vacating and remanding an award under OCGA § 9-15-14(b) because the trial court did not allocate any portion of the award to the fees incurred solely in litigating action that lacked substantial justification).[8]

---

[8] We note that OCGA § 9-15-14(b) requires only that the court assess reasonable and necessary attorneys' fee and expenses, and the statute does not contain any express language stating that the award must be limited to the fees incurred because of the sanctionable conduct. OCGA § 9-15-14(b). This additional nexus requirement appears to have been imposed by our courts. *See, e.g.*, *Hardman*, 295 Ga. at 740 (4); *Trotter*, 273 Ga. App. at 267 (2) (unanimous decision by three-judge panel). Smock accepts that this is settled precedent, and we are required to follow it. *See* Ga. Const. of 1983, Art. VI, Sec. VI, Para. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."); *see also Evergreen Packaging v. Prather*, 318 Ga. App. 440, 445 n.15 (734 SE2d 209) (2012) ("A unanimous decision by a three-judge panel of this Court remains binding precedent until such time as it

The trial court's award then cannot be sustained because it (1) did not receive evidence as to the actual costs and reasonableness of the fees and (2) failed to limit the award to those fees resulting from the sanctionable conduct. Consequently, we must vacate the trial court's sanction order and remand the case for a hearing or other opportunity to correct these two deficiencies. *See Bankston*, 319 Ga. App. at 823 (2) (vacating the award of sanctions under OCGA § 9-15-14(b) where the record contained no evidence to support the amount of attorneys' fees awarded); *Fedina v. Larichev*, 322 Ga. App. 76, 81 (5) (744 SE2d 72) (2013) (vacating sanctions award under OCGA § 9-15-14(b) where trial court awarded lump sum and failed to show that it limited its award to fees resulting from party's sanctionable conduct).

*Judgment vacated and case remanded . Phipps, P. J., and Dillard, J., concur*.

---

is modified or reversed by this Court en banc or our Supreme Court.").